Filed 2/6/24  P. v. Kuykendall CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CARTER KUYKENDALL III,<br><br>  Defendant and Appellant. | 2d Crim. No. B336490<br>(Super. Ct. No. VA038748)<br>(Los Angeles County) |

Carter Kuykendall III appeals the trial court's denial of his second petition for resentencing pursuant to Penal Code section 1172.6 (formerly § 1170.95).[1]  Appellate counsel filed an opening brief informing this court that he reviewed the record and could not find any arguable issues to raise on appeal.  Counsel requested that we send the opening brief to Kuykendall and inform him of his right to file a supplemental letter or brief or suffer dismissal of the appeal.  We so informed Kuykendall and he has filed a supplemental letter.  We have evaluated the

---

[1] All statutory references are to the Penal Code.

supplemental letter and find no issue of merit. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232 [when appellate counsel has found no arguable issues and the appellant submits a supplemental brief or letter, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].) Accordingly, we conclude that the court properly denied Kuykendall's second resentencing petition, and affirm.

## FACTUAL AND PROCEDURAL HISTORY[2]

After midnight on August 7, 1996, Kuykendall entered a market in Norwalk. He demanded that the store clerk open the cash register and give him money. Kuykendall then shot the clerk in the head twice, killing him. A security camera and videotape captured the crime. Kuykendall fled the market.

Shortly afterward, Kuykendall was involved in a drive-by shooting. A sheriff's deputy followed Kuykendall until Kuykendall crashed his vehicle. Kuykendall had gunshot residue on his hands and his vehicle contained the firearm that killed the store clerk. After his arrest, Kuykendall admitted that he was at the market when the clerk was killed.

At trial, Kuykendall's mother testified that her son was the man in the market videotape. She also identified his voice in the market videotape.

In 1997, a jury convicted Kuykendall of willful, deliberate, and premeditated murder committed during the commission of a special circumstance felony (robbery), second degree robbery, six counts of assault with a firearm, and unlawful possession of a

---

[2] Our factual summary is derived from the unpublished opinion in Kuykendall's direct appeal. (*People v. Kuykendall* (March 31, 2000, B131530).)

2

firearm. (§§ 187, subd. (a), 190.2, subd. (a)(17), 211, 245, subd. (a)(2), 12021, subd. (a)(1).) The jury also found that Kuykendall personally used a firearm during commission of the crimes. (§ 12022.5, subds. (a) & (d).) The trial court sentenced Kuykendall to a prison term of life without parole plus a determinate term of 35 years. We affirmed the conviction on appeal.

In 2019, the trial court resentenced Kuykendall to a prison term of life without parole plus a determinate term of 29 years eight months.

On January 24, 2019, Kuykendall filed a petition for resentencing pursuant to section 1172.6. The trial court summarily denied the petition because Kuykendall was the actual killer of the store clerk. We affirmed the denial of resentencing. (*People v. Kuykendall* (Oct. 20, 2020, B297725) [nonpub. opn.].)

On January 24, 2022, Kuykendall filed a second petition for resentencing pursuant to section 1172.6. He alleged that he had been prosecuted and convicted according to theories of implied malice murder, specifically felony murder and the natural and probable consequences doctrine. In response, the trial court appointed counsel for Kuykendall and received briefing regarding the nature of the prosecution and conviction.

The trial court denied the motion at the prima facie stage, ruling that Kuykendall was the actual killer. It therefore decided that Kuykendall is ineligible for resentencing as a matter of law because his conviction did not rest upon any theory of imputed malice.

Kuykendall's counsel has requested that we undertake an independent review of the record. We decline this invitation and

3

instead briefly respond to the argument Kuykendall raises in his supplemental brief. (*People v. Delgadillo, supra,* 14 Cal.5th 216, 231-232.)

## DISCUSSION

A person is entitled to resentencing relief pursuant to section 1172.6 if 1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine" (*id.*, subd. (a)(1)); 2) the petitioner "was convicted of murder" (*id.*, subd (a)(2)); and 3) the petitioner "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)). In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (*Id.,* subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) The amendment ensures that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

The trial court may consider the defendant's record of conviction, including the court's own documents, in assessing whether he has made a prima facie case for relief pursuant to section 1172.6. (*People v. Lewis, supra,* 11 Cal.5th 952, 971-972 [record of conviction includes jury summations, jury instructions, verdict forms, and prior appellate opinions].)

4

In his supplemental letter, Kuykendall contends that the prosecutor relied upon a theory of felony murder and that another person was present during the crimes. The jury convicted Kuykendall of willful, deliberate, and premeditated murder, however, and found the charged special circumstance true. The trial court instructed regarding the special circumstance that in order to find the special circumstance true, the jury must find that the homicide was intentionally committed. The prosecution also rested upon Kuykendall being the only and actual shooter of the store clerk.

*DISPOSITION*

The resentencing order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

5

John A. Torribio, Judge

Superior Court County of Los Angeles

_____

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent